UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RAY LaHOOD, Secretary of Transportation, | Case No.: 11-CV-1437-AC |
| Plaintiff, | |
| vs. | ORDER ON PLAINTIFF LAHOOD'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| R C INVESTMENTS, INC. d/b/a PRESTIGE LIMOUSINES, and CHRISTOPHER S. CASTEEL, | |
| Defendants. | |

ORDER GRANTING PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction has come before the Court. The Court has considered whether to grant a Temporary Restraining Order, including whether (1) Plaintiff is likely to succeed on the merits, (2) Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in Plaintiff's favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). The Court concludes that the specific facts in Complaint and Declaration of Mr. Eno show that Defendants continue to operate in and affecting interstate commerce despite the Department of Transportation's orders to cease operations, in violation of federal law. Further, the Court concludes that Defendants' continued operation despite these orders results in an immediate and irreparable harm to the safety of the public and to Plaintiff's authority.

1

Finally, the Court concludes that this harm is presently occurring and will continue to occur prior to the time in which the Defendants can be heard in opposition to Plaintiff's motion. Thus, the Court determines that immediate temporary relief is warranted under 49 U.S.C. § 507(c) and the equitable powers of this Court.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for a Temporary Restraining Order is granted. It is FURTHER ORDERED that:

1. Defendants are required to comply fully with the FMCSA's Order to Cease and Imminent Hazard Order and are enjoined from operating any commercial motor vehicle in or affecting interstate commerce until these orders are rescinded by FMCSA.

2. Defendants are enjoined from (1) operating any commercial motor vehicle that requires operating authority registration from FMCSA and (2) contracting or arranging for transportation of passengers on such commercial motor vehicles, unless and until Defendants obtain proper authority.

3. Defendants are enjoined from contracting or arranging for transportation of passengers in and affecting interstate commerce unless the contracted motor carrier(s) possesses valid and active operating authority registration from FMCSA.

4. Defendants are enjoined from applying for a new USDOT number and/or FMCSA operating authority registration under any other name or in the name of any other legal entity.

5. Any of Defendants' commercial motor vehicles that are in transit as of the date of this Court's order may proceed to the next scheduled stop where the vehicle's

passengers can be safety transferred, but upon the vehicle's arrival, operation of the vehicle must cease in accordance with paragraphs 1 through 3 above.

A hearing on plaintiff's motion for preliminary injunction is set for **December 14, 2011 at 1:00 p.m.** at which time defendants may appear and show cause why this Court should not issue a preliminary injunction in accordance with this temporary restraining order. Defendants shall file a brief in response to plaintiff's motion by **December 9, 2011 at 5:00 p.m.** Plaintiff will be given the opportunity to reply to defendants' response at the hearing on December 14, 2011.

This Order shall expire at 5:00 p.m. on December 15, 2011, or upon further order of this Court.

Dated:  12/1/2011                          /s/ Marco A. Hernandez
Time:   4:50 P.M.                          JUDGE MARCO A. HERNÁNDEZ
                                           United States District Judge