UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RAY LaHOOD, Secretary of Transportation, | Case No.: 11-CV-1437-AC |
| Plaintiff, | |
| vs. | CONSENT DECREE FOR ENTRY OF A PRELIMINARY INJUCTION |
| R C INVESTMENTS, INC. d/b/a PRESTIGE LIMOUSINES, and CHRISTOPHER S. CASTEEL, | |
| Defendants. | |

CONSENT DECREE
FOR ENTRY OF A PRELIMINARY INJUNCTION

This Consent Decree is entered between Plaintiff Ray LaHood, Secretary of Transportation ("the Secretary") and Christopher S. Casteel and R C Investments, Inc. d/b/a Prestige Limousines, along with R C Investments, Inc.'s owners, partners, shareholders, officers, and members, (hereinafter "R C Investments" and with Christopher S. Casteel, "Defendants"). The term "Parties" collectively refers to the Secretary and the Defendants.

On November 29, 2011, Plaintiff moved the Court for a Temporary Restraining Order and Preliminary Injunction. On December 1, 2011, the Court issued a Temporary Restraining Order against Defendants and set a hearing on the Preliminary Injunction. The Parties, by their respective undersigned representatives, now agree to the entry of a

Preliminary Injunction for the purpose of resolving the issues raised in the Secretary's pending motion.

NOW THEREFORE, based on the agreement of the Parties, it is ORDERED, ADJUDGED, and DECREED as follows:

1. Defendants (and their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation) are required to comply fully with the Federal Motor Carrier Safety Administration's (FMCSA) Order to Cease and Imminent Hazard Operations Out-of-Service Order, including but not limited to provisions restricting Defendants from leasing, selling, or transferring any commercial motor vehicle to any other party without the prior written approval of FMCSA. Defendants are enjoined from operating any commercial motor vehicle in or affecting interstate commerce until these orders are rescinded by FMCSA.

2. Defendants (and their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation) are enjoined from (a) operating any commercial motor vehicle in or affecting interstate commerce that requires operating authority registration from FMCSA and (b) contracting or arranging to operate such commercial motor vehicles, unless and until Defendants obtain proper authority.

3. Defendants (and their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation) are enjoined from contracting or arranging with other motor carriers for transportation of passengers in and affecting interstate commerce unless the contracted motor carrier(s) possesses valid and active operating authority registration from FMCSA.

4. Defendants (and their officers, agents, servants, employees, and attorneys, and persons with whom they are in active concert or participation) are enjoined from applying for a new USDOT number and/or FMCSA operating authority registration under any other name or in the name of any other legal entity.

5. Any of Defendants' commercial motor vehicles that are in transit as of the date of the entry of this Consent Decree may proceed to the next scheduled stop where the vehicle's passengers can be safety transferred, but upon the vehicle's arrival, operation of the vehicle must cease in accordance with paragraphs 1 through 3 above.

6. Paragraphs 1 and 2 shall expire when FMCSA's orders are rescinded and Defendants obtain proper operating authority registration from FMCSA, respectively.

7. This Consent Decree resolves only the Secretary's Motion for a Preliminary Injunction. This Consent Decree does not resolve any other past, present, or future disputes between the Parties, including but not limited to proceedings for civil penalties for violations of federal motor carrier statues and regulations, and does not restrict the Secretary from taking action pursuant to his lawful authority to enforce federal motor carrier statutes and regulations.

8. This Consent Decree is binding upon the Parties as of the date it is signed by the Parties.

9. This Consent Decree becomes an Order of the Court on the date it is approved.

| For R C Investments, Inc. and<br>Christopher S. Casteel | For Ray LaHood, Secretary of<br>Transportation: |
|---|---|
| /s/ John Spencer Stewart<br>JOHN SPENCER STEWART<br>Stewart Sokol & Gray LLC<br>*Attorneys for Defendants*<br>OSB #711648<br><br>Dated: December 9, 2011 | TONY WEST<br>Assistant Attorney General<br><br>S. AMANDA MARSHALL<br>United States Attorney<br>District of Oregon<br><br>ARTHUR R. GOLDBERG<br>Assistant Branch Director<br><br>/s/ Karen P. Seifert<br>KAREN P. SEIFERT<br>Trial Attorney<br>NATHAN M. SWINTON<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>*Attorneys for Plaintiff*<br><br>Dated: December 9, 2011 |

**IT IS SO ORDERED.**

Dated:  12/12/2011

/s/ Marco A. Hernandez
Judge Marco A. Hernández
United States District Judge

4